FILED CLERKS OFFICE

2019 JUL -8  PM 3: 57

SHEILA LESTER
CRAWFORD COUNTY

IN THE COURT OF COMMON PLEAS
CRAWFORD COUNTY
BUCYRUS, OHIO

| | |
|---|---|
| ABBEY G. DICKMAN<br>% THE LAW OFFICE OF PAUL J.<br>CRISTALLO, LLC.<br>THE BROWNHOIST BUILDING<br>4403 ST. CLAIR AVENUE<br>CLEVELAND, OH  44103<br><br>     Plaintiff<br><br>    -vs-<br><br>SHERIFF SCOTT M. KENT<br>Individually and in his official capacity<br>3613 STETZER RD.<br>BUCYRUS, OH 44820<br><br>    -and-<br><br>JASON M. TUPPS<br>Individually and in his official capacity<br>3613 STETZER RD.<br>BUCYRUS, OH 44820<br><br>    -and-<br><br>CRAWFORD COUNTY<br>BOARD OF COMMISSIONERS/<br>CRAWFORD COUNTY<br>112 E. MANSFIELD ST., SUITE 304<br>BUCYRUS, OH  44820 | CASE NO.  19CV0130<br><br><br><br>JUDGE  **Sean E. Leuthold**<br><br><br><br>**COMPLAINT**<br><br>**(JURY DEMAND ENDORSED<br>HEREON)** |

|     |     |
| --- | --- |
| -and-                                                        | ) |
|                                                              | ) |
|                                                              | ) |
| JOHN AND JANE DOES 1-5                                        | ) |
| Individually and in their official capacities.               | ) |
| (Names and alternate addresses unknown and)                  |   |
| undiscoverable at this time.)                                | ) |
|                                                              | ) |
|                                                              | ) |

## INTRODUCTION

1.     This case is brought to address violations of law and resulting injuries stemming from the misconduct of Crawford County Sheriff's Deputy Jason M. Tupps, as well as other officers and officials in connection with the physical and emotional trauma suffered by Plaintiff Abby Dickman, as well as the violation of her rights.

## PARTIES AND JURISDICTION

2.     This action is brought pursuant to claims arising under the laws of the State of Ohio; 42 U.S.C. §1983; and the Fourth and Fourteenth Amendments to the United States Constitution.  This action is also brought pursuant to 28 U.S.C. §1983 and 1988 as it is also an action for compensatory damages, punitive damages, and attorney fees.

3.     Plaintiff Abbey Dickman is a citizen of the United States and resides in the State of Ohio.

4.     Defendant Scott M. Kent was at all times relevant herein employed by Crawford County as the Sheriff of Crawford County and in that capacity was a policy maker with ultimate decision making authority for the Crawford County Sheriff's Department.  He is being sued in his individual as well as his official capacity.

5.      Defendant Jason M. Tupps was at all times relevant herein employed as a law enforcement officer/deputy for Crawford County by and through the Crawford County Sheriff's Department. He is being sued in his individual as well as his official capacity.

6.      Defendant Crawford County Commissioners/Crawford County is a unit of local government organized under the laws of the State of Ohio. Crawford County Commissioners/Crawford County is also a municipal corporation and a political subdivision of the State of Ohio and is a "person" for purposes of 42 U.S.C. §1983.

7.      John and Jane Does 1-5 ("Does") are those individuals and entities who, at all relevant times, were in the course and scope of their employment as law enforcement and/or government officials and bear responsibility, directly or indirectly, for the harm and damages suffered by Ms. Abbey Dickman.

## FACTS

8.      On or about July 9, 2018, Plaintiff Abbey Dickman was lawfully operating her motor vehicle in Galion, Ohio.

9.      During the course of her travel, Crawford County Deputy Sheriff Jason M. Tupps began to follow her.

10.     Deputy Tupps followed very closely behind Ms. Dickman in a black SUV, tailgating her for no apparent reason.

11.     Deputy Tupps followed Ms. Dickman turn for turn and at a dangerously close distance.

3

12.    Ms. Dickman became so distressed by Deputy Tupps' intimidating driving that she decided to forego her original destination and instead decided to drive to her uncle's house.

13.    However, and prior to getting to her uncle's house, Ms. Dickman pulled into a stranger's driveway in hopes that Deputy Tupps would simply drive off.

14.    Ms. Dickman came to a complete stop in the driveway. Deputy Tupps followed Ms. Dickman onto the stranger's property and struck the rear of Ms. Dickman's vehicle.

15.    Deputy Tupps then exited his SUV and began approaching Ms. Dickman's vehicle.

16.    Deputy Tupps was in his Crawford County Sheriff's Department uniform and was armed.

17.    Terrified, Ms. Dickman sped off through the stranger's yard.

18.    Ms. Dickman simply wanted to get away from Deputy Tupps and the black SUV that was following her and just struck the rear of her vehicle.

19.    Once Ms. Dickman reached her uncle's home she got out of her vehicle and attempted to get inside her uncle's home. However, even after Ms. Dickman pulled into her uncle's driveway, Deputy Tupps pursued her.

20.    Indeed, Deputy Tupps followed Ms. Dickman onto her uncle's property and again exited his SUV. Deputy Tupps pointed his service weapon at Ms. Dickman and ordered her to the ground.

21.     Deputy Tupps would not let Ms. Dickman speak or move and repeatedly told her that he was going to shoot her.

22.     Ms. Dickman was absolutely terrified. She complied with Deputy Tupps and laid face down on the ground fearful of what would happen next.

23.     Ms. Dickman was compliant, followed orders and did not resist Deputy Tupps' orders.

24.     After several minutes, and for what seemed like an eternity, City of Galion Police arrived.

25.     Ms. Dickman was visibly shaken and emotionally distraught.

26.     Ultimately, Deputy Tupps was arrested and taken into custody by the Galion Police,

27.     As a result of this incident, Deputy Tupps was charged with abduction, improper handling of a firearm, OVI, using a weapon while intoxicated, and aggravated menacing.

28.     Ms. Dickman incurred injuries, mental and emotional distress as well as other damages as a direct and proximate result of the Defendants' misconduct.

### FIRST CAUSE OF ACTION
### Assault and Battery

29.     Paragraphs 1 through 28 are incorporated by reference herein as if fully rewritten.

30.    Defendant Deputy Tupps' conduct constitutes assault and battery as he intentionally applied unnecessary and unlawful force against Ms. Dickman. Defendant Tupps' conduct was also malicious, willful, wanton, intentional, reckless and in bad faith.

31.    As a direct and proximate result of the Defendant Tupps' assault and battery, Ms. Dickman sustained serious injuries, emotional distress and other damages.

### SECOND CAUSE OF ACTION
### False Arrest

32.    Paragraphs 1 through 31 are incorporated by reference herein as if fully rewritten.

33.    The actions of Defendant Deputy Tupps constitute an unlawful arrest without legal justification. Tupps, by virtue of his employment, commands, brandishing of his service weapon, and legal authority, intentionally deprived Ms. Dickman of her freedom of movement, thereby placing her under arrest. Deputy Tupps' actions were deliberately indifferent, reckless, wanton and shocking to the conscience, all of which deprived Plaintiff Dickman of her civil rights as secured by the laws of the State of Ohio and the Fourth and Fourteenth Amendments to the United States Constitution and trough 42 U.S.C. §1983.

34.    Defendant Tupps' actions were committed maliciously and/or in an unreasonable, wanton and reckless manner.

35.    As a direct and proximate result of the wrongful acts of Defendant Tupps, Plaintiff Dickman suffered injuries and emotional distress.

6

## THIRD CAUSE OF ACTION
### Willful, Wanton, Reckless, Malicious and Bad Faith Conduct

36.     Paragraphs 1 through 35 are incorporated by reference herein as if fully rewritten.

37.     Defendant Tupps' conduct, while engaged in a police function and against Ms. Dickman, was willful, wanton, reckless, malicious and/or in bad faith such that he is not entitled to the defenses and immunities for negligent conduct as set forth in O.R.C. §2744.01 *et seq.*

38.     As a direct and proximate result of Defendant Tupps' conduct, Ms. Dickman sustained injuries, emotional distress and other damages.

## FOURTH CAUSE OF ACTION
### Officers John and Jane Does 1-5

39.     Paragraphs 1 through 38 are incorporated by reference herein as if fully rewritten.

40.     The John and Jane Does were responsible for the hiring, training, supervision and/or retention of Deputy Tupps.  Their failure to adequately engage in hiring, training, supervision and/or training and was negligent and/or willful, wanton, reckless, malicious and/or in bad faith such that they are not entitled to the defenses and immunities set forth in O.R.C. §2744.01 *et seq.*

41.     As a direct and proximate result of Defendants' John and Jane Does 1-5 conduct, Ms. Dickman sustained injuries and other damages.

7

## FIFTH CAUSE OF ACTION
### Emotional Distress

42.     Paragraphs 1 through 41 are incorporated by reference herein as if fully rewritten.

43.     Through his extreme and outrageous conduct, Defendant Deputy Tupps intentionally and/or recklessly caused Ms. Dickman serious emotional distress.

44.     Alternatively, Defendant Deputy Tupps knew or should have known that his actions would result in emotional distress and his actions did cause Ms. Dickman emotional distress.   Defendant Tupps' infliction of emotional distress was willful, wanton, reckless, malicious and/or in bad faith.

45.     Further, Defendant Tupps' actions toward Ms. Dickman were so extreme and outrageous as to go beyond all possible bounds of decency and were intolerable.

46.     Defendant Tupps' actions directly and proximately caused Ms. Dickman psychic injury from which she suffers and will continue to suffer into the future.

## SIXTH CAUSE OF ACTION
### Negligent Hiring, Training, Retention and Supervision

47.     Paragraphs 1 through 46 are incorporated by reference herein as if fully rewritten.

48.     Defendants Sheriff Kent, Crawford County and/or Crawford County Commissioners employed Defendant Deputy Jason M. Tupps.

49.     Defendants Sheriff Kent, Crawford County and/or Crawford County Commissioners knew or should have known that Defendant Tupps had a propensity to

violence and/or inappropriate behavior and/or had a history of performing his duties in an unlawful manner and/or was otherwise incompetent.

50. Defendant Tupps' shortcomings, as well as other behavioral and disciplinary issues, were known or should have been known to Sheriff Kent, Crawford County and/or the Crawford County Board of Commissioners such that their failure to take corrective measures was a violation of the law.

51. Based on Defendant Tupps' shortcomings, as well as other behavioral and disciplinary issues, it was foreseeable that Deputy Defendant Tupps would engage in the same or similar behavior as he engaged in with Ms. Dickman.

52. As a direct and proximate result of Sheriff Kent, Crawford County and/or Crawford County Board of Commissioners' failure to take adequate, corrective measures, Plaintiff Ms. Abbey Dickman sustained injuries and mental and emotional distress as well as other damages.

53. Further, Sheriff Kent, Crawford County and/or the Crawford County Board of Commissioners' negligence in hiring, training, retaining and/or supervising Tupps was the proximate cause of Ms. Dickman's injuries and damages.

## SEVENTH CAUSE OF ACTION
### Negligence/Defamation

54. Paragraphs 1 through 53 are incorporated by reference herein as if fully rewritten.

55. Defendant Deputy Tupps was negligent in that he failed to exercise the level of care required by law under the circumstances. More specifically, Deputy Tupps

negligently pursued Ms. Dickman; he negligently operated his motor vehicle when he struck the rear of Ms. Dickman's vehicle; he negligently brandished his firearm and gave orders to Ms. Dickman; and Deputy Tupps otherwise acted in a negligent manner with regards to his involvement with Ms. Dickman on July 9, 2018.

56.   Defendant Tupps also made false statements about Ms. Dickman, including but not limited to statements that Ms. Dickman attempted to 'ram him' with her vehicle. There was no factual basis upon which to make these false statements. Further, these statements specifically portray Ms. Dickman as a criminal who engaged in criminal behavior. Defendant Deputy Tupps made these statements against Mr. Dickman negligently and/or with malicious purpose, in bad faith, and/or in a wanton or reckless manner.

57.   As a direct and proximate result of Defendant Tupps' negligence and false statements, Ms. Dickman sustained damages.

## DAMAGES

58.   Paragraphs 1 through 57 are incorporated by reference herein as if fully rewritten.

59.   As a direct and proximate result of the Defendants' conduct, Plaintiff Ms. Abbey Dickman suffered and continues to suffer injury, pain, emotional distress, mental anguish, as well as other economic and non-economic damages, some or all of which may be permanent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, for:

    (A)    Compensatory and consequential damages for all the injuries identified in the amount in excess of Twenty-Five Thousand dollars ($25,000.00);

    (B)    Punitive damages in an amount to be determined at trial for the willful and malicious conduct of Defendant Tupps;

    (C)    Attorneys' fees and the costs of this action and other costs that may be associated with this action; and

    (D)    Any and all other relief this Court deems equitable, necessary, and just.

Respectfully Submitted,

Paul J. Cristallo
The Law Office of Paul J. Cristallo, LLC.
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, OH 44103
Telephone:    (440) 478-5262
Fax:    (216) 881-3928
E-Mail:    paul@cristallolaw.com

11

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Paul J. Cristallo
PAUL J. CRISTALLO
Attorney for Plaintiff Abbey Dickman